UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

NORTH CAROLINA FARM BUREAU )
MUTUAL INSURANCE COMPANY )
AS SUBROGEE OF SANDY STARLING )
AND CHESTER STARLING, JR., )
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　) Civil No. 5:16-cv-900-FL
v. )
　　　　　　　　　　　　　　　　　　　　)
ONESOURCE WATER, LLC and )
WATERLOGIC COMMERCIAL )
PRODUCTS, LLC, )
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants. )

## **STIPULATION**

WHEREAS, the undersigned parties anticipate that documents and information produced in this litigation may contain or constitute confidential information and the parties wish to expedite and facilitate the production of such information;

WHEREAS, the litigation involves claims that a product manufactured by one of the defendants was the cause of a fire that resulted in damage to the Starling residence. The proprietary design and manufacture of the product may become an issue that is litigated in this action, and therefore, the parties desire that any such proprietary and confidential business information not be made public beyond the need for such information in this lawsuit.

NOW THEREFORE, it is hereby stipulated and agreed among the undersigned parties, acting through their duly authorized counsel, as follows:

　　　　1.　　　　The following definitions shall apply to this Stipulated Protective Order:

a. As used herein, the term "CONFIDENTIAL INFORMATION" shall mean all information, documents, materials and tangible items, in whatever form produced, that a producing party in good faith believes contains, reflects, or concerns its non-public, confidential, commercially sensitive, proprietary, or trade secret information which, if disclosed, could cause the producing party injury or prejudice. Confidential information may not be used or disseminated except as provided in this Protective Order.

b. As used herein, the phrase "prosecution and/or defense of this action" shall mean preparation for trial of this action, including specifically, but not exclusively, pre-trial discovery pursuant to the Federal Rules of Civil Procedure, trial of this action, any alternative dispute resolution in this action, including but not limited to mediation, and preparation for, participation in, and prosecution and defense of, any appeal, rehearing, review or other judicial proceeding which relates to the subject matter of this action

2. Each party shall designate any material it deems to be "Confidential" in the following manner:

   i. By stamping all documents with the designation "Confidential".
   ii. By imprinting the designation "Confidential" next to each answer to interrogatory, response to deposition upon written question, or response to request for admission.
   iii. All deposition transcripts shall be confidential and accorded the protections set forth herein upon the designation in writing by a party seeking to keep the transcript, or portions thereof, confidential. The

party designating a deposition transcript or portion of a deposition transcript as confidential shall provide written notice to all parties by listing the page and inclusive line numbers of the material to be kept confidential, and shall designate such pages to be "Confidential". In any deposition transcript in which any portion of the transcript has been designated confidential by any party, the court reporter, or the party holding the original transcript, shall imprint the word "Confidential" on the front page of the original of the deposition transcript. A deposition containing confidential information shall not be filed with the Court unless placed in a sealed envelope bearing the designation hereinafter provided.

3. Unless and until agreed by the undersigned parties, or ordered by the Court, all confidential materials that are designated to be "Confidential", and any summaries, compilations or other work product which contains or reflects such confidential materials, shall be kept and treated as confidential and shall be used only for purposes of the prosecution and/or defense of this action. Confidential materials designated as "Confidential" shall not be disclosed to any person or entity other than: (a) Counsel of record for the parties, including partners and employees of such counsel; (b) contractors of such counsel who are involved in the prosecution and/or defense of this action; (c) qualified persons recording testimony involving documents or information described in paragraph 1.A. (i.e., court reporters) and necessary stenographic or clerical assistants thereof; (d) the parties themselves, including any officers, directors, employees or agents of the parties; (e) experts, consultants, potential witnesses and/or any other person retained in connection with the prosecution and/or defense of this action or to whom counsel for

any party believes in good faith that it is necessary that confidential materials be shown for the purpose of prosecution and/or defense of this action; and (f) the Court. Nothing in this Stipulation shall restrict a party's right to seek relief from this Protective Order or seek further protection or amendment of this Protective Order from the Court.

4. All persons permitted to receive CONFIDENTIAL INFORMATION, except counsel for the parties, shall be given a copy of this Protective Order prior to receiving any CONFIDENTIAL INFORMATION.

5. Any party may object to the designation by any other party of any material as "Confidential" by notifying the party that designated the material as "Confidential" in writing and stating the basis for its objection. The parties shall, within fourteen (14) days after service of the objection, meet and confer in an attempt to resolve the dispute. If the designating party refuses to meet within the required fourteen (14) days, or if the parties are unable, after meeting and conferring, to resolve the matters, the dispute may be submitted to the Court for resolution. If the party objecting to the designation of materials as "Confidential" does not, within fourteen (14) day of the meeting (or failure to attend any meeting) submit the matter to the Court and seek an appropriate order, the party shall be deemed to have waived any objection to the "Confidential" designation. In either situation, the party designating materials as "Confidential" has the burden to establish the propriety of the challenged designation.

6. All depositions or portions thereof taken in this matter may be designated as set forth above. If so designated, the depositions or portions thereof shall be sealed and all persons shall be prohibited from disclosing the testimony so designated, subject to the exceptions specified under this Protective Order.

7.      It is expressly contemplated and agreed that the terms of this Protective Order are applicable to CONFIDENTIAL INFORMATION designated as such by an undersigned party in connection with this litigation, and that the parties will treat all such designated CONFIDENTIAL INFORMATION in accordance with the terms of this Protective Order.

8.      The parties and the Court recognize that each party may wish to present information marked Confidential under this Protective Order.  Each time a party seeks to file under seal confidential documents, things and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion.  Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

9.      The Parties are directed to Section G of the court's Electronic Case Filing Administrative Policies and Procedures Manual regarding how to file and serve sealed documents through the court's Case Management/Electronic Case Filing system ("CM/ECF")

10.     Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any court hearing for the prosecution and/or defense of this action

upon reasonable written notice of the intention to do so and the provision of sufficient time for the objecting party to present and have its objections ruled on by the Court.

11. This PROTECTIVE Order shall apply with equal force to any and all copies, notes, summaries, or other compilations and oral recitation of confidential material.

12. CONFIDENTIAL INFORMATION shall remain subject to the terms of this Protective Order unless and until the parties agree to the deletion of the designation or upon order of the Court.

13. Within a reasonable time after the final disposition of this action, all information covered by this Protective Order shall be destroyed in a manner which preserves its confidential nature or shall, at the request of the parties, be returned to the parties. If CONFIDENTIAL INFORMATION is so destroyed, the party destroying the information shall certify in writing to the other party that all information of the other in its possession, care, custody, or control has been destroyed. However, counsel for the undersigned parties may retain one copy of any document for archival purposes.

14. The parties recognize that for purposes of expediency, the parties may produce documents or information without the appropriate designation. In such circumstances, the parties may thereafter designate such documents or other information as provided for herein by providing the other party with a written description of such documents or information within ten (10) business days of production. The parties agree that any document produced to date may be designated as "CONFIDENTIAL" if appropriate.

15. Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of this immunity or privilege; provided that the producing party shall notify the non-producing party of such inadvertent production no later

than the first time the producing party knows or should have known of its use by the non-producing party. Such inadvertently produced documents shall be returned to the producing party upon request, provided that the producing party makes a showing of the circumstances surrounding the documents' inadvertent production. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who has not already been given access to them subsequent to the request to return them. With respect to the application of any claim of privilege or immunity for inadvertently produced materials, if the parties are unable to reach a satisfactory agreement within five (5) business days, the producing party may, within five (5) business days thereafter, petition the Court to resolve the matter. The non-producing party shall not disclose the document, for which the belated claim of immunity or privilege is being made, to any person, other than those persons who have had it in their possession prior to receipt of notification from the producing party, until the expiration of the five (5) day period identified in this paragraph or, if the matter is submitted to the Court, until disposition of the matter. Nothing in this Protective Order precludes either party from petitioning the Court for return of later-discovered, inadvertently produced work production immunity or attorney/client privileged documents.

16.     Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his/her client with respect to this litigation and, in the course thereof, referring to or relying upon his/her examination of CONFIDENTIAL INFORMATION.

17.     The terms of this Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by the parties in writing or as ordered by the Court. Any modifications, extensions, or limitations agreed to in writing by the parties shall be deemed effective pending approval by the Court.

Dated the 23rd day of March, 2017.

*[signature]*

M. Caroline Trautman
NC State Bar No.: 38317
ctrautman@andersonandjones.com
Anderson Jones, PLLC
Post Office Box 20248
Raleigh, North Carolina 27619
Counsel for Plaintiff North Carolina Farm Bureau
Mutual Insurance Company as Subrogee of Sandy
Starling and Chester Starling, Jr.

Dated the 28 day of March, 2017.

*[signature]*

J. Matthew Little
NC State Bar No.: 20032
mlittle@teaguecampbell.com
Teague Campbell Dennis & Gorham, LLP Post Office
Box 19207
Raleigh, North Carolina 27619-9207
Counsel for Defendant OneSource Water, LLC

Dated the 28 day of March, 2017.

*[signature]*

John I. Malone, Jr.
NC State Bar No.: 22180
jmalone@goldbergsegalla.com
Goldberg Segalla, LLP
800 Green Valley Road, Suite 302
Greensboro, NC 27408
(336) 419-4900 telephone
(336) 419-4950 facsimile

6292714.1

Counsel for Defendant Waterlogic Commercial
Products, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY AS SUBROGEE OF SANDY STARLING AND CHESTER STARLING, JR., | ) ) ) ) | |
| Plaintiff, | ) ) ) ) | Civil No. 5:16-cv-900 |
| v. | ) ) | |
| ONESOURCE WATER, LLC and WATERLOGIC COMMERCIAL PRODUCTS, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

For good cause shown the Stipulation of the Parties is hereby approved and as executed by the parties shall constitute the Order of the Court.

SO ORDERED, this the  28th  day of March, 2017.

By: _/s/ Louise W. Flanagan___
LOUISE W. FLANAGAN
United States District Court Judge